The petition in this case, filed January 12, 1972, and an amended petition, filed June 10,1975, assert a claim for $6 million in damages sustained to the timber on the Red Lake Indian Reservation, Minnesota, alleged to have been caused by military units of the United States in using the area as a *642 practice and firing range. The government’s answer to plaintiffs petitions denies any liability on the part of the United States.
Following extensive pretrial activity, trial sessions on the issue of liability were held at Duluth, Minnesota in November of 1979 and in Washington, D. C. in January of 1980.
On June 20, 1980, counsel for plaintiff moved to suspend proceedings pending completion of a proposed settlement which was, by letter dated June 23,1980, transmitted to the Department of Justice. By an order entered June 23,1980, proceedings were so suspended.
By letter dated September 5, 1980 from the Assistant Attorney General, Land and Natural Resources Division, Department of Justice, to counsel for plaintiff, the proposed settlement offer was accepted, subject to 6 conditions as follows:
1. That the proposed settlement be approved by appropriate resolutions of the governing bodies of the plaintiff tribe.
2. That the approval of the settlement, as well as the resolution of the tribe, be secured from the Secretary of the Interior, or his authorized representative.
3. That a copy of each resolution and the approval of the terms of the settlement by the Department of the Interior be furnished to this Department.
4. That the judgment entered into pursuant to this settlement shall finally dispose of all rights, claims and demands which the plaintiff has asserted or could have asserted against defendant in Docket No. 15-72 and all claims, counterclaims and offsets which defendant has asserted or could have asserted against plaintiff with respect to the claims in Docket No. 15-72.
5. That the Court of Claims shall approve of this settlement and the stipulation before the judgment is entered.
6. That the final judgment to be entered herein shall be by way of compromise and settlement and shall not be construed as an admission by either party for the purposes of precedent or argument in any other case.
At a special meeting held at the Tribal Office, State Service Center, Bemidji, Minnesota, on September 30,1980, the Tribal Council of the Red Lake Band of Chippewa *643 Indians, the governing body of the Red Lake Band of Chippewa Indians, reviewed and discussed a report and recommendations of the Tribal Claims Attorneys with respect to the proposed settlement of this litigation. By Resolution No. 147-80 the council noted that it does hereby:
LApprove, accept and confirm the terms of the proposed final settlement of the Red Lake Band claims against the United States in Court of Claims Docket 15-72, for the amount of $600,000 under the terms and conditions as set forth in offer of settlement letter transmitted by Rodney J. Edwards, Attorney for Red Lake Band Plaintiffs in Docket 15-72, dated June 23, 1980, to Anthony G. Liotta, Deputy Assistant Attorney General of the United States and as accepted by letter dated September 5, 1980, to Rodney J. Edwards from James W. Moorman, Assistant Attorney General; and
2.Give approval and consent to a stipulation for entry of final judgment embodying the terms of said settlement; and
3.Authorize and direct Claims Attorney Rodney J. Edwards, to enter into and to sign, on behalf of the Red Lake Band, a Stipulation for Entry of Judgment embodying the terms of said settlement, and to do and perform all other acts necessary or desirable in the consummation of said settlement; and
4.Request the Secretary of the Interior or his duly authorized representative and the Court of Claims to approve said Stipulation for Entry of Final Judgment embodying the terms of said settlement.
The Tribal Council further resolved "* * * that the approval of the settlement is hereby submitted to a referendum vote of the eligible voting members of the Red Lake Band to be held on November 12,1980.”
Notice of the election on the settlement was mailed to all eligible voters of the Red Lake Band (18 years and older) consisting of 3,939 members and the notice was posted at several locations on the Red Lake Indian Reservation, Minnesota. The special referendum election, held on November 12, 1980, resulted in a vote of 439 in favor of approving the proposed settlement and 68 opposed to the approval of the settlement.
*644 By a letter dated January 19, 1981, the Acting Deputy Commissioner of Indian Affairs, Department of the Interi- or, reported:
* * * * *
Resolution No. 147-80, enacted by the Tribal Council of the Red Lake Band of Chippewa Indians on September 30, 1980, accepting the proposed settlement constitutes the action of the governing body of the tribe and is hereby approved.
The information furnished to us by you, our field officers and information obtained from other sources, has satisfied us that the proposed settlement of the claims in Docket No. 15-72 is fair and just. The proposed settlement is hereby approved.
On January 29, 1981, the parties filed a Stipulation For Entry Of Final Judgment with attached exhibits S-l through S-13, which exhibits are, by this order, received in evidence as part of the record in this case. The stipulation states as follows:
a.The claims asserted in Docket No. 15-72 shall be compromised and settled pursuant to stipulation and by entry of final judgment by the Court of Claims against the United States in favor of the plaintiff, Red Lake Band of Chippewa Indians, in the amount of six hundred thousand dollars ($600,000), no review to be sought or appeal to be taken by any party.
b.Thé judgment entered into pursuant to this settlement shall finally dispose of all rights, claims and demands which the plaintiff has asserted or could have asserted against defendant in Docket No. 15-72 and all claims, counterclaims and offsets which defendant has asserted or could have asserted against plaintiff with respect to the claims in Docket No. 15-72.
c.The final judgment to be entered herein shall be by way of compromise and settlement and shall not be construed as an admission by either party for the purposes of precedent or argument in any other case.
On February 3, 1981, the trial judge of this court filed a memorandum report that recommended, in accordance with the stipulation of the parties, that judgment be entered for pláintiff. The recommendation of the trial judge is adopted.
*645 it is therefore ordered that judgment of six hundred thousand dollars ($600,000) is entered for plaintiff.